PETER B. ANDERSON vs. L. T. SOWLE ELEVATOR COMPANY.

December 13, 1887.

Master and Servant—Negligence—Evidence.—Evidence *held* not sufficient to charge a master with negligence, in an action by an employe for a personal injury sustained while coupling cars at the master's elevator.

Appeal by plaintiff from an order of the district court for Hennepin county, *Young*, J., presiding, refusing a new trial.

*Arctander & Arctander*, for appellant.

*Hart & Brewer*, for respondent.

GILFILLAN, C. J. Action for a personal injury received by plaintiff while coupling cars. After the plaintiff had rested his case, the court below dismissed the action, on the ground that he had not made out a cause of action. The plaintiff was employed by defendant at its elevator, and while so employed was required by it to go between two empty railroad cars and couple them. While he was doing this, a loaded car was, by other of defendant's servants, moved along the track against one of the empty cars, driving it against the other, so that, as plaintiff was inserting the coupling-link, his hand was caught between the bumpers and injured.

It is claimed that the evidence tended to show negligence on the part of defendant in several particulars: *First*, that it set plaintiff to do work more hazardous than that for which he was employed,— work in which he was unskilled, as defendant knew. It does not appear that any special skill is required in coupling cars when they are standing still, and are to be brought together by hand, as these were. And the danger of injury from the hand being caught between the bumpers if the cars are brought too suddenly together, while coupling with the hand, must be obvious to any ordinary mind, however unskilled. It must be presumed that, when plaintiff went in to couple cars, he knew the danger as well as his employer, and he was not called on to do it suddenly, so as to prevent thought of the danger. But, although plaintiff testified that he was employed only to load and unload cars, and that coupling cars was outside of such employ-

ment, it is entirely apparent from his whole testimony that, while loading and unloading the cars was the main thing which he was to do, there were other things incidental to that which he was to do, and did do without question, such as bringing loaded cars into place, pushing unloaded cars out of the way, and coupling them when necessary.

The only other particulars in which negligence of defendant is claimed, which we need specially notice, may be reduced to this one: That it was negligent in defendant not to prevent the loaded car being pushed against the car which plaintiff was coupling, or, if it did not do that, it was negligent in not giving plaintiff, who was where he could neither see nor hear it coming, notice of its approach. The testimony was to this effect: The manner of doing the work of unloading cars was this: A loaded car was brought along the track to the proper place, and the grain taken up into the elevator, and the empty car was pushed along the track out of the way, and when there were more than one they were coupled. Loaded cars were brought into place for unloading by fastening to the rear end a rope, the other end of which was turned over a windlass worked by the engine of the elevator. When the rope was attached, the power was applied to the windlass, and the car drawn slowly forward to the desired place,— so slowly that, when the power was turned off, the car would stop in a distance of three or four feet. A car was stopped at the exact place desired by putting a plank on the rails in front of the wheel. In coupling cars, they were brought together by means of an iron bar, called a "pinch-bar," held in the hands and applied as a lever to one of the wheels. Just before the injury to plaintiff, there were some unloaded cars standing west of the elevator, and some loaded cars east of it. The plaintiff and another employe were engaged in pulling the rope from the windlass, for the purpose of bringing up the loaded cars, when the general manager of defendant came to them and asked if the unloaded cars had been coupled, to which plaintiff answered that he did not think they were. Thereupon the manager said: "Never mind that. Let us go down and couple them cars before we shove in the others." He and plaintiff then went to the empty cars. The plaintiff got in between two of them to do the coupling, while the manager undertook to push one up to the other

with the pinch-bar. The men had been instructed by the foreman, in the hearing of plaintiff, to use a stick in handling the link when coupling,—not to put the hand in between the bumpers, or they would possibly get caught. The plaintiff testified that on this occasion the link was out of the draw-bar, and lay on top of the bumper, so he had to put it in with his hand; that it was bent, and he had some trouble to put it in, and, while he was trying to push it in, the cars came together, and his hand was caught between the bumpers.

There is nothing in the evidence to indicate that the manager had any reason to think that the loaded car would be moved down against the empty car. After what he had said to those who were preparing to move it, he had reason to believe it would not be moved till the coupling was done,—had as much reason to believe it as plaintiff had. It does not appear who set the car in motion, nor why it was not stopped at the place for unloading, as was the custom, nor that the manager had any reason to suppose that, if set in motion, it would not be stopped as had always been done. The only danger, so far as appears, there could be from the one car running against the other, was of the hand getting caught in coupling. It does not appear that the manager had reason to suppose, what the plaintiff knew, that it would be necessary to do the coupling with the hand instead of with a stick, as was customary, and as the men had been instructed to do it. Upon this state of facts, no negligence could be charged upon the manager, either in not preventing the loaded car being moved, or in not anticipating the danger to plaintiff, and warning him against it. So far as appears, the act from which the danger arose was that of a co-employe. The action was rightly dismissed.

Order affirmed.